\*\*E-filed 1/23/08\*\*

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
4401 Eastgate Mall
San Diego, California 92121
Telephone:   (858) 550-6017
Facsimile:    (858) 550-6420
Email: rhodesmg@cooley.com

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No.  C 07-05378 PVT<br><br>**STIPULATED ENTRY OF JUDGMENT OF DISMISSAL WITH PREJUDICE AND GENERAL RELEASE** |

**WHEREAS**, on October 22, 2007, plaintiff Lindsey Abrams ("plaintiff") filed the putative class action complaint in this action (the "Action") against defendant Facebook, Inc. ("Facebook");

**WHEREAS,** the complaint alleges, *inter alia*, that Facebook sent, or caused to be sent, SMS or text messages (collectively, "Messages") to mobile phone users whose numbers were previously associated with Facebook users that had requested such messages be sent to their mobile phones;

**WHEREAS,** Facebook denies any and all allegations in the complaint in the Action, including, without limitation, that any member of the purported class has incurred any harm of

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

569267 v1/SD

**STIPULATED ENTRY OF JUDGMENT OF DISMISSAL WITH PREJUDICE GENERAL RELEASE**
**C 07-05378 PVT**

any kind or nature;

**WHEREAS**, counsel for the parties have met and conferred in an effort to seek an amicable resolution to the issues presented in the Action, during which process counsel met in person on November 19, 2007 and telephonically in the weeks subsequent wherein they discussed, *inter alia*, manners in which to address the issue of recycled or deactivated mobile phone numbers that had previously been registered on the Website;

**WHEREAS**, the parties (through counsel) have negotiated the terms of this Stipulation in good faith and at arm's length to avoid the burden, expense and distraction of potentially protracted and complex litigation;

**IT IS HEREBY STIPULATED** by and between the parties herein, through their respective counsel of record, subject to the express approval of the Court, as follows:

1.  Within ninety (90) calendar days of the entry of the Court's Order hereon, Facebook shall implement a notice system in which Facebook will include a statement, the exact wording of which will be in Facebook's discretion, to the substantial effect of: "To stop Facebook text messages, reply 'off;'" advising recipients of Messages that, if they do not wish to receive Messages, they should reply to the Message with the word "off" (the "Statement") as follows: at the bottom of every 15th Message sent from Facebook's system to any mobile telephone number ("Mobile Users") which was registered by any Facebook user on the Website for texting to or from domestic United States mobile telephone numbers. In the event that the Statement cannot be included in the specified Messages to Mobile Users because of a lack of sufficient text character space in the applicable Message, then Facebook shall include the Statement in the next available Message which contains adequate character space to enable the Statement to be included therein. The foregoing shall not apply to any Messages originated by applications owned or controlled by third party developers and not by Facebook.

2.  Within ninety (90) calendar days of the entry of the Court's Order hereon, Facebook shall undertake commercially reasonable measures to ensure that all Messages sent from the Website to Mobile Users use (as some have been and presently are) the Facebook name

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

569267 v1/SD

1.

**STIPULATED ENTRY OF JUDGMENT OF DISMISSAL WITH PREJUDICE GENERAL RELEASE**
**C 07-05378 PVT**

sufficient to indicate to a reasonable recipient of Messages that it is sent by Facebook.

3. As soon as practicable following entry of the Court's Order hereon and to the sole extent to which it has not already done so, Facebook shall undertake commercially reasonable measures to notify mobile carriers with whom Facebook has written agreements that recycling of mobile numbers presents the potentiality that Mobile Users may receive unwanted text messages associated with the prior mobile customer and that, accordingly, accurate deactivation logs should be maintained and updated by such carriers and provided to Facebook or any aggregators that Facebook utilizes to assist in the transmission of its Messages (provided, however, that the parties hereto expressly acknowledge and agree that no action can be taken against Facebook based on the refusal of any such carrier to comply with Facebook's request in this regard).

4. Facebook shall add to its prevailing Terms of Use, within ninety (90) calendar days of the entry of the Court's Order hereon, a statement to the effect that Mobile Users who change or deactivate registered mobile telephone numbers should advise Facebook of that fact and providing guidance (*e.g.*, describing the process of texting "Off" or "Stop" to Facebook) as to how to prevent unwanted Messages from being sent to the users' numbers once they deactivate them  (such statement and guidance to be located within the Terms of Use in the sole and exclusive discretion of Facebook under the general category of Facebook Mobile Services).

5. The terms and obligations of Paragraphs 1 through 4, inclusive, of this Stipulation shall remain subsisting so long as Facebook provides and enables mobile phone Messages in substantially the same manner as it currently does; however, the parties recognize that subsequent changes or developments may obviate the need to continue, and underlying purposes for, the requirements of such paragraphs (for example, in the event that Facebook is able to obtain and implement accurate deactivation logs from mobile carriers, such requirements may become moot).  Facebook reserves the right to unilaterally discontinue the obligations of Paragraphs 1 through 4, inclusive, of this Order if material subsequent events, developments or occurrences have transpired which can be shown by Facebook to reasonably obviate the need therefor (and in the event that any challenge is made to such cessation of the obligations of Paragraphs 1 through

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

569267 v1/SD

2.

STIPULATED ENTRY OF JUDGMENT OF
DISMISSAL WITH PREJUDICE GENERAL RELEASE
C 07-05378 PVT

4, inclusive, of this Stipulation, Facebook shall bear the burden to demonstrate such subsequent change in circumstances), provided, however, that Facebook shall not discontinue its obligations of Paragraphs 1 through 4, inclusive, of this Order under any circumstances for a period of at least 2 years and ninety days following the date of entry of the District Court's final Order.

6. The parties agree that plaintiff's counsel is entitled to a reasonable award of attorneys' fees and expenses in an amount to be determined by the Court. Facebook agrees that any such determination by the Court will be based not solely on the relief obtained for the plaintiff, but also on the benefits conveyed more generally through this settlement. Facebook further agrees that plaintiff shall be entitled to reasonable, limited discovery on this issue, including information relating to (a) the number of text messages Facebook sends out on a daily basis, (b) the number of text messages sent to previously to recycled numbers, and (c) the steps Facebook did or did not previously take to ensure that text messages were not sent to people who did not want them. The parties have agreed that plaintiff's counsel shall submit to the Court in the Action an application in support of an award to plaintiff's counsel of fees and costs, and that an evidentiary hearing (on such terms as the Court determines are appropriate) shall be held in respect thereto (at a time to be set by the Court) and further that, in connection therewith, Facebook shall be entitled to object to or otherwise contest the amounts to be awarded plaintiff's counsel via written submissions and briefs and orally at the hearing on such application. The parties state further that it is their collective intention to expedite the process of conducting the forgoing evidentiary hearing and enabling the necessary judicial determinations. Facebook agrees not appeal the District's Court's final Order with respect to such application and to pay any amounts awarded thereby within thirty (30) calendar days of the entry of the final order thereon.

7. Facebook agrees that plaintiff is entitled to a reasonable award for her services in acting as the putative class representative in an amount to be determined by the Court (using the same process described in paragraph 6, above).

8. As noted above, Facebook expressly denies that it committed any wrong, by

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

569267 v1/SD

3.

**STIPULATED ENTRY OF JUDGMENT OF
DISMISSAL WITH PREJUDICE GENERAL RELEASE
C 07-05378 PVT**

conduct or omission, including, without limitation, that it violated any provision of any applicable law, with respect to the allegations set forth in the Action, and further states that it is immune from any liability under the Communications Decency Act.

9. This Action is hereby dismissed with prejudice in its entirety as against the named plaintiff and with prejudice as against the proposed class (as defined in paragraph 35 of the complaint in the Action) solely with respect to any and all claims for injunctive relief set forth in the complaint in the Action.

10. Excluding all of the terms, conditions, rights, and obligations created hereby or contained herein, plaintiff individually hereby fully, completely and generally forever release Facebook and its agents, employees, representatives, predecessors, successors, affiliates, parent and subsidiary entities, assigns, shareholders, officers, directors, attorneys, insurers, heirs, executors and administrators, from any and all claims, rights, demands, obligations, agreements, contracts, representations, promises, liens, accounts, debts, liabilities, expenses, damages, costs, interest, attorney's fees, judgments, orders, and causes of actions of every kind and nature, whether known or unknown, suspected or unsuspected, existing or claimed to exist, legal or equitable, including without limitation all claims for damages and any other form of relief arising out of or relating in any way to the claims alleged in the Action and, as the named representative and therefore on behalf of the proposed class (as defined in paragraph 35 of the complaint in the Action), all claims brought by such proposed class for injunctive relief set forth in the complaint in the Action. Plaintiff hereto acknowledges that she has read, considered and understand the provisions and significance of Section 1542 of the California Civil Code, which presently provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff hereby expressly waives any and all rights she has or may have under Civil Code § 1542 as now worded or hereafter amended. In connection with this waiver, plaintiff

acknowledges that she is aware that she may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which she now knows or believes to be true with respect to the claims, matters and causes of action released herein.

11. Having obtained the express permission and consent of their respective clients, the undersigned counsel-of-record hereby consent to the terms and conditions set forth above by signing below.

Dated: December 14, 2007            Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)


/s/
Michael G. Rhodes (116127)
Attorneys for Defendant
FACEBOOK, INC.


Dated: December 13, 2007            KAMBEREDELSON, LLC
JAY EDLESON
MYLES MCGUIRE


/s/
Jay Edelson
Attorneys for Plaintiff
LINDSEY ABRAMS


IT IS SO ORDERED.

Dated: ~~December ___, 2007~~ January 23, 2008

Judge, United States District Court
JEREMY FOGEL

569267 v1/SD                    5.            **STIPULATED ENTRY OF JUDGMENT OF DISMISSAL WITH PREJUDICE GENERAL RELEASE**
C 07-05378 PVT

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO