**EXHIBIT C**

1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   BENJAMIN F. CHAPMAN (234436) (bchapman@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA 92121
    Telephone:    (858) 550-6000
4   Facsimile:    (858) 550-6420

5   Attorneys for Defendant
    FACEBOOK, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

| 12 | LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals, | Case No. 5:07-cv-05378 JF |
|----|----|----|
| 13 | | **DEFENDANT FACEBOOK, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | FACEBOOK, INC., a Delaware corporation, | |
| 17 | Defendant. | |

18

19  **PROPOUNDING PARTY:**      **LINDSEY ABRAMS**

20  **RESPONDING PARTY:**        **FACEBOOK, INC.**

21  **SET NUMBER:**              **ONE**

22          Pursuant to Federal Rule of Civil Procedure 33, Defendant Facebook, Inc.

23  ("FACEBOOK") responds as follows to plaintiff's first set of interrogatories:

24  **I.    GENERAL RESPONSES.**

25          1.      FACEBOOK's response to plaintiff's first set of interrogatories is made to the best

26  of FACEBOOK's present knowledge, information, and belief. Said response is at all times

27  subject to such additional or different information that discovery or further investigation may

28  disclose and, while based on the present state of FACEBOOK's recollection, is subject to such

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD

1    refreshing of recollection, and such additional knowledge of facts, as may result from
2    FACEBOOK's further discovery or investigation. FACEBOOK reserves the right to make any
3    use of, or to introduce at any hearing and at trial, information and/or documents responsive to
4    plaintiff's first set of interrogatories but discovered subsequent to the date of this response,
5    including, but not limited to, any such information or documents obtained in discovery herein.

6        2.    To the extent that FACEBOOK responds to plaintiff's interrogatories by stating
7    that FACEBOOK will provide information and/or documents which FACEBOOK or any other
8    party to this litigation deems to embody material that is private, business confidential, proprietary,
9    trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure
10   26(c)(7), Federal Rule of Evidence 501, California Evidence Code section 1060, or California
11   Constitution, article I, section 1, FACEBOOK will do so only upon the entry of an appropriate
12   protective order against the unauthorized use or disclosure of such information.

13       3.    FACEBOOK reserves all objections or other questions as to the competency,
14   relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or
15   trial of this or any other action for any purpose whatsoever of FACEBOOK's responses herein
16   and any document or thing identified or provided in response to plaintiff's interrogatories.

17       4.    FACEBOOK reserves the right to object on any ground at any time to such other
18   or supplemental interrogatories as plaintiff may at any time propound involving or relating to the
19   subject matter of these interrogatories.

20   II.    GENERAL OBJECTIONS.

21       FACEBOOK makes the following general objections, whether or not separately set forth
22   in response to each interrogatory, instruction, and definition in plaintiff's first set of
23   interrogatories:

24       1.    FACEBOOK objects generally to the interrogatories insofar as any such
25   interrogatory seeks information or production of documents protected by the attorney-client
26   privilege or the work product doctrine. Such information or documents shall not be provided in
27   response to plaintiff's interrogatories and any inadvertent disclosure or production thereof shall

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                     2.                    RESPONSE TO INTERROGATORIES
                                                              C 07-05378 JF

1  not be deemed a waiver of any privilege with respect to such information or documents or of any
2  work product immunity which may attach thereto.

3      **2.**    FACEBOOK objects to the prefatory Document Request, which applies to all the
4  interrogatories, which seeks to require FACEBOOK to identify each document "used or relied
5  upon to respond to any answer to the interrogatories" on the ground that any response thereto
6  would require subjective judgment on the part of FACEBOOK and its attorneys, and would
7  further require disclosure of a conclusion or opinion of counsel in violation of the attorney work
8  product opinion.

9      **3.**    FACEBOOK objects to the definitions "YOU" and "YOUR" and each
10  interrogatory containing those terms as overbroad to the extent that it purports to define
11  FACEBOOK to include more than the company and its officers, directors, agents, and employees.
12  Without waiving these objections, FACEBOOK construes the terms "YOU" and "YOUR" to
13  refer only to the company and its officers, directors, agents, and employees, and will respond to
14  interrogatories containing that term accordingly.

15      **4.**    FACEBOOK objects to the instruction related to the assertion of privilege to the
16  extent it seeks to require FACEBOOK to identify anything other than the specific claim of
17  privilege or work product being made and the grounds for such claim.  The instruction would
18  subject FACEBOOK to unreasonable and undue annoyance, oppression, burden and expense and
19  seeks information protected from discovery by privilege and as work product.

20      **5.**    FACEBOOK objects to all interrogatories to the extent they seek to require
21  FACEBOOK to search for information about documents no longer in existence or in
22  FACEBOOK'S possession, custody or control, on the grounds that said instruction is overly
23  broad, would subject FACEBOOK to undue annoyance, oppression, burden and expense, and
24  seeks to impose upon FACEBOOK an obligation to investigate information or materials from
25  third parties or services who are equally accessible to plaintiff.

26  **III.    SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.**

27      Without waiving or limiting in any manner any of the foregoing General Objections, but
28  rather incorporating them into each of the following responses to the extent applicable,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD        3.        RESPONSE TO INTERROGATORIES
C 07-05378 JF

1  FACEBOOK responds to the specific interrogatories in plaintiff's first set of interrogatories as

2  follows:

3  **INTERROGATORY NO. 1:**

4      Identify the person or persons answering these interrogatories, the position with you of

5  each such person, and the person's duties.  For each person so identified, specify each such

6  interrogatory that that person assisted in answering.

7  **RESPONSE TO INTERROGATORY NO. 1:**

8      Subject to and without waiving the General and Specific Objections, FACEBOOK

9  responds to this interrogatory as follows:

10      (1)    Jed Stremel, Manager, Mobile Product Marketing;  Interrogatory No. 6.

11      (2)    Ravi Grover—Data Analyst; Interrogatory Nos. 2, 3, 6, and 7.

12      (3)    Mark Howitson—Deputy General Counsel; Interrogatory No. 11.

13  **INTERROGATORY NO. 2:**

14      From the date Facebook Mobile was released through January 1, 2008, identify (a) the

15  total number of telephone numbers to which a text message was sent through Facebook Mobile,

16  (b) the average daily number of text messages sent through Facebook Mobile to such telephone

17  numbers, (c) the total number of text messages sent through Facebook Mobile each month since

18  Facebook Mobile was released.  Describe the process by which you made these determinations.

19  **RESPONSE TO NO. 2:**

20      FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.

21  FACEBOOK further objects to subpart (b) as redundant.  Subject to and without waiving the

22  General and Specific Objections, FACEBOOK responds to this interrogatory as follows:

23      (a)    FACEBOOK further objects to this subpart because it imposes an undue burden on

24  FACEBOOK to search through every text message transaction, and therefore is oppressive.  As of

25  February 4, 2008, Facebook Mobile had 1,783,315 registered users.  Additionally, at least 57,396

26  Facebook Mobile users have deactivated their telephone number from the Facebook Mobile

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                4.                RESPONSE TO INTERROGATORIES
                                              C 07-05378 JF

1  service.[1]  Most, if not all, of these deactivated users, likely received text messages from

2  FACEBOOK. Accordingly, adding these two numbers together equals 1,840,711.

3      FACEBOOK recognizes that the sum of total number of registered users (1,783,315) as of

4  February 4, 2008, and the verifiable number of deactivated Facebook Mobile users (57,396), does

5  not answer the question of how many telephone numbers received a text message through

6  Facebook Mobile. First, this number does not count many users who previously used Facebook

7  Mobile but stopped prior to February 4, 2008. FACEBOOK does not maintain information from

8  which they can determine how many telephone numbers fall into this category. Second, the total

9  number of users only counts users, and some users have multiple telephone numbers registered

10 with Facebook Mobile.  Third, if a user switched telephone numbers at any point, they are still

11 only counted as one individual user, even though they might have had multiple telephone

12 numbers registered with FACEBOOK at various times. Fourth, not all registered users have

13 necessarily received a text message.

14      Despite these limitations, FACEBOOK believes that the number 1,840,711 represents the

15 closest possible estimate of telephone numbers that received a text message through Facebook

16 Mobile, based on the information that is available to FACEBOOK after a reasonable search.

17      (b)      FACEBOOK does not maintain this data.

18      (c)

| MONTH | # SMS SENT |
|---|---|
| March 2006 | 2232* |
| April 2006 | 477,129 |
| May 2006 | 1,687,007 |

23

---

24  [1] FACEBOOK maintains a deactivation log, which contains the number of total users per month
who either: (a) respond to a text message from FACEBOOK by writing back "STOP," "OFF,"
25  "END," "CANCEL," and/or "QUIT"; and (b) have not received a text through Facebook Mobile
in over 30 days; such Facebook Mobile users have their Facebook Mobile service discontinued
26  until the owner requests that it be turned back on. *See* Response to Interrogatory No. 6 for a more
detailed explanation of both (a) and (b). The number 57,396 only encompasses users who
27  deactivate from Facebook Mobile in these two particular ways. It is clear that other Facebook
Mobile users have also deactivated from the service in other ways.
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                    5.                    RESPONSE TO INTERROGATORIES
C 07-05378 JF

| | |
|---|---|
| June 2006 | 4,205,488 |
| July 2006 | 5,025,731 |
| August 2006 | 6,560,405 |
| September 2006 | 6,319,511 |
| October 2006 | 10,538,395** |
| November 2006 | 11,597,865 |
| December 2006 | 10,983,222 |
| January 2007 | 14,013,017 |
| February 2007 | 16,096,930 |
| March 2007 | 17,483,017 |
| April 2007 | 19,352,250 |
| May 2007 | 25,156,925 |
| June 2007 | 40,486,403 |
| July 2007 | 46,569,165 |
| August 2007 | 51,675,454 |
| September 2007 | 49,630,152** |
| October 2007 | 49,813,496 |
| November 2007 | 60,781,454 |
| December 2007 | 50,331,171 |
| January 2008 | 59,957,931 |

\* Logging of text messages began on March 21, 2006.

\*\* Extrapolated based on partial month data due to missing data due to logging failures

**INTERROGATORY NO. 3:**

For each sub-part listed in Interrogatory Number 2, state how many of such text messages you estimate were sent to unintended recipients, including those who received "recycled numbers". Describe the process by which you made this determination.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                6.                RESPONSE TO INTERROGATORIES
C 07-05378 JF

1 | RESPONSE TO NO. 3:

2      FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.

3 FACEBOOK further objects to this interrogatory as unintelligible because it is impossible for

4 FACEBOOK to know whether a recipient was "unintended." FACEBOOK further objects to this

5 interrogatory as unintelligible because at bottom, every telephone number is a "recycled number."

6      Subject to and without waiving the General and Specific Objections, FACEBOOK

7 responds to this interrogatory as follows: FACEBOOK is not able to know with certainty how

8 many text messaged have been sent to "unintended recipients."

9      FACEBOOK maintains a deactivation log, which contains the number of total users per

10 month who either: (a) respond to a text message from FACEBOOK by writing back "STOP,"

11 "OFF," "END," "CANCEL," and/or "QUIT"; and (b) have not received a text through Facebook

12 Mobile in over 30 days; such Facebook Mobile users have their Facebook Mobile service

13 discontinued until the owner requests that it be turned back on. *See* Response to Interrogatory

14 No. 6 for a more detailed explanation of both (a) and (b).

15      The number of users who have deactivated from Facebook Mobile's services by the

16 manners listed in (a) and (b) above, are listed below by month.

17

| MONTH | # OF USERS WHO DEACTIVATED |
|---|---|
| March 2006 | 4* |
| April 2006 | 285 |
| May 2006 | 1668 |
| June 2006 | 2086 |
| July 2006 | 1976 |
| August 2006 | 2319 |
| September 2006 | 1971 |
| October 2006 | 2995 |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD      7.

RESPONSE TO INTERROGATORIES
C 07-05378 JF

| | |
|---|---|
| November 2006 | 2613 |
| December 2006 | 1709 |
| January 2007 | 2318 |
| February 2007 | 1975 |
| March 2007 | 2551 |
| April 2007 | 2435 |
| May 2007 | 2826 |
| June 2007 | 4096 |
| July 2007 | 3994 |
| August 2007 | 4127 |
| September 2007 | 3400** |
| October 2007 | 3015 |
| November 2007 | 3282 |
| December 2007 | 2837 |
| January 2008 | 2914 |

* Logging of text messages began on March 21, 2006.

** Extrapolated based on partial month data due to missing data due to logging failures.

However, simply taking the total number of users on the deactivation log is not an accurate way to determine how many "unintended recipients" received text messages from FACEBOOK. First, the deactivation log is not a comprehensive list of every user who has deactivated their use of Facebook Mobile. It only registers users who have deactivated in two discrete ways. It is obvious that other users have deactivated their use of Facebook Mobile in other manners. Second, it is impossible to know why a user deactivated their telephone number from Facebook Mobile. It is not logical to assume that every person who is on the deactivation log deactivated because they were an "unintended recipient" of a text message. In fact, many of the users who are on the deactivation log were deactivated because they DID NOT receive text messages from Facebook Mobile for over thirty days.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD

8.

RESPONSE TO INTERROGATORIES
C 07-05378 JF

1    At bottom, FACEBOOK is not able to know with certainty how many text messages have

2  been sent to "unintended recipients," nor is it able to offer a reasonable estimate.

3  **INTERROGATORY NO. 4:**

4    Identify all third-party controlled applications ("Application" or "Application") that

5  originate text messages sent through Facebook Mobile. Identify the third-parties that control each

6  such Application and state whether Facebook maintains a Beneficial Interest, as that term is

7  defined herein, in any such third-party. Identify the total number of text messages sent through

8  Facebook Mobile by such Applications each month since Facebook Mobile was released to

9  January 1, 2008. Describe the process by which you made these determinations.

10  **RESPONSE TO NO. 4:**

11    FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.

12  FACEBOOK further objects to this interrogatory on the grounds that the term "Beneficial

13  Interest" is vague, ambiguous, and unintelligible. Interpreting the term "Beneficial Interest" for

14  purposes of responding to this interrogatory would require subjective judgment on the part of

15  FACEBOOK'S attorneys and a conclusion or opinion of counsel in violation of the attorney work

16  product doctrine. FACEBOOK further objects to this interrogatory on the grounds that the term

17  "Application" is vague, ambiguous, and unintelligible. Interpreting the term "Application" for

18  purposes of responding to this interrogatory would require subjective judgment on the part of

19  FACEBOOK'S attorneys and a conclusion or opinion of counsel in violation of the attorney work

20  product doctrine.

21    FACEBOOK further objects to this interrogatory as seeking irrelevant information that

22  has no legitimate connection to any issue in this case and constitutes sensitive, confidential,

23  proprietary and privileged information.

24  **INTERROGATORY NO. 5:**

25    For Interrogatory Numbers 2-5, including the respective sub-parts, please provide

26  estimates of the number of such text messages that you expect will be sent to the respective

27  recipients within the next two years. Describe the process by which you made this determination.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD

9.

RESPONSE TO INTERROGATORIES
C 07-05378 JF

1    **RESPONSE TO NO. 5:**

2          FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.

3    FACEBOOK further objects to this interrogatory as speculative. FACEBOOK further objects to

4    this interrogatory on the grounds that it calls for an inadmissible hypothetical opinion.

5    **INTERROGATORY NO. 6:**

6          Identify with specificity the steps taken by Facebook prior to the filing of this lawsuit to

7    prevent Facebook's transmission of unauthorized text messages.

8    **RESPONSE TO NO. 6:**

9          FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.

10   FACEBOOK further objects to this interrogatory on the grounds that the term "unauthorized" is

11   vague, ambiguous, argumentative, and unintelligible.    FACEBOOK further objects to this

12   interrogatory on the grounds that the term "steps" is vague, ambiguous, and unintelligible.

13         Subject to and without waiving the General and Specific Objections, FACEBOOK

14   responds to this interrogatory as follows: FACEBOOK implemented a process with AT&T and

15   Verizon whereby those companies would provide notice to FACEBOOK of the deactivation of

16   mobile telephone numbers.    Upon receipt of such notice, FACEBOOK would take action

17   internally to stop messages from being sent to the mobile telephone numbers provided by AT&T

18   and Verizon.

19         FACEBOOK implemented this process with AT&T around May, 2006. However, in late

20   2006, a technical problem arose, and AT&T stopped providing such notice to FACEBOOK. This

21   technical problem was corrected, and AT&T resumed giving FACEBOOK notice starting again

22   in approximately October/November, 2007. FACEBOOK also implemented this process with

23   Verizon in November, 2007. Unfortunately, other mobile telephone operators would not provide

24   notice of deactivation of mobile telephone numbers to FACEBOOK.

25         FACEBOOK also supports and recognizes industry-standard opt-out commands such as

26   "STOP," "OFF," "END," "CANCEL," and/or "QUIT." FACEBOOK also recognizes any of

27   those words if they are followed with a space and more text—for example, "CANCEL SMS" or

28   "STOP SENDING MESSAGES." Thus, by way of example, if a mobile telephone owner

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                    10.                    RESPONSE TO INTERROGATORIES
                                                        C 07-05378 JF

1  receives an unwanted text message through FACEBOOK, they can respond to the message with
2  the message "STOP" and/or "OFF" and FACEBOOK immediately discontinues such text
3  messages.

4      Further, when FACEBOOK receives an error message in response to sending a text
5  message to a particular telephone number (meaning the telephone number is no longer in service),
6  FACEBOOK turns off FACEBOOK Mobile for that particular telephone number.

7      Additionally, if a Facebook Mobile user is inactive (meaning they do not receive a text
8  message) for thirty (30) days, FACEBOOK sends a message to the mobile telephone owner
9  stating: "You have not used Facebook texts in over 30 days. Notifications will be turned off. To
10  continue receiving Facebook Mobile Texts, reply 'ON' to this message." Upon FACEBOOK
11  sending this message, text messages are not sent to the mobile telephone owner until the owner
12  requests that they be turned back on.

13      FACEBOOK also supports any customer service requests made through carriers by
14  mobile telephone owners, but FACEBOOK is not aware of ever receiving such a request.

15      FACEBOOK also maintains information on its website informing mobile telephone
16  owners on how to stop receiving text messages from FACEBOOK. *See*
17  http://www.facebook.com/help.php?page=8. For example, under the heading "How can I
18  stop/start getting Facebook texts?", it states: "Set Facebook texts to 'on' or 'off' by following the
19  'Edit Preferences' link on the Mobile page. Alternatively , just text 'on' or 'off' to FBOOK
20  (32665)." Further, on that same help page, under the heading "Will Facebook ever spam my
21  phone?", it states: "No, Facebook will never send you any unsolicited texts."

22      FACEBOOK is also in the midst of building a process by which all mobile telephone
23  operators may identify deactivated customer telephone numbers to FACEBOOK. FACEBOOK
24  hopes to launch this process in February 2008.

25  **INTERROGATORY NO. 7:**

26      Prior to the filing of this lawsuit, identify the percentage of the text messages sent through
27  Facebook Mobile which (a) informed the recipient how to opt out of receiving future text
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO
571681 v1/SD          11.          RESPONSE TO INTERROGATORIES
C 07-05378 JF

1    messages and (b) contained language stating that the message was sent via Facebook. Please also

2    identify any form messages you believe satisfies the criteria for either sub-part.

3    **RESPONSE TO NO. 7:**

4         Subject to and without waiving the General Objections, FACEBOOK responds to this

5    interrogatory as follows:

6         (a)    FACEBOOK disclosed on its website how to opt out of receiving text messages,

7    FACEBOOK does not believe that it did so in the actual text messages that were sent through

8    Facebook Mobile, which is understandable given the small number of individual characters that

9    can be sent in text messages.

10        (b)    It is FACEBOOK's understanding that most, if not all text messages sent through

11   Facebook Mobile indicated that the message was being sent through FACEBOOK. Here are

12   three different form messages, all of which contain language indicating they are from

13   FACEBOOK:

14            (1)    Confirmed! Text 'srch' followed by a name to FBOOK (32665) to search.
                     'p' to poke, 'm' to msg, 'w' wall post (ie 'p john smith'). '@ msg' to set your
15                   status.

16            (2)    {name} has requested to add you as a friend on Facebook. Reply 'a' to add,
                     or 'info' to get profile. Reply to msg {name} back. [last sentence not
17                   included if that would put SMS over character limit]

18            (3)    Facebook msg from {name}
                     Subj: {subject}
19                   {message}

20   **INTERROGATORY NO. 8:**

21        To the extent that Facebook decided not to (a) inform recipients how to opt out of

22   receiving future text message and/or (b) uniformly disclose that its text messages were connected

23   to Facebook, identify the reasons for those decisions and any related documents. If one of the

24   reasons was based on a concern that recipients might opt out of receiving future messages, please

25   provide any estimates you made of the number of such recipients who would likely opt out. If

26   one of the reasons was related to financial concerns, please provide any estimates of the costs

27   associated with making such disclosures.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                    12.                    RESPONSE TO INTERROGATORIES
                                                                   C 07-05378 JF

1  RESPONSE TO NO. 8:

2       FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.
3  FACEBOOK further objects to this interrogatory on the grounds that it is argumentative, as it
4  assumes that FACEBOOK made a conscious "decision" to take, or not take, certain actions.
5  FACEBOOK further objects to this interrogatory on the grounds that it is argumentative, as it
6  assumes that FACEBOOK had a duty to inform recipients how to opt out of receiving text
7  messages or to identify that text messages are from FACEBOOK, which is a disputed fact.

8       Subject to and without waiving the General and Specific Objections, FACEBOOK
9  responds to this interrogatory as follows: FACEBOOK disclosed on its website how to stop
10 receiving text messages.

11 INTERROGATORY NO. 9:

12      Please explain whether and to what extent Facebook and/or its business partners
13 generated, generate, or within the next two years are expected to generate, revenue through the
14 transmissions of Facebook Mobile text messages and identify any related documents.

15 RESPONSE TO NO. 9:

16      FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.
17 FACEBOOK further objects to this interrogatory as overly broad and as seeking information
18 beyond the scope of permissible discovery to the extent it requests information on FACEBOOK'S
19 business dealings with its "partners." FACEBOOK further objects to this interrogatory on the
20 grounds that this information has no legitimate connection to any issue in this case and constitutes
21 sensitive, confidential, proprietary, privileged, and trade secret information, the disclosure of
22 which could severely damage FACEBOOK'S business.

23 INTERROGATORY NO. 10:

24      Please identify all documents and facts which you intend to rely upon, or provide to the
25 Court, in opposing plaintiff's petition regarding attorneys' fees and an incentive award.

26 RESPONSE TO NO. 10:

27      FACEBOOK objects to this interrogatory on the grounds that it is premature.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD       13.       RESPONSE TO INTERROGATORIES
C 07-05378 JF

1   **INTERROGATORY NO. 11:**

2          Identify any other lawsuit or governmental action filed or threatened to be filed involving

3   any of the issues raised in this litigation.

4   **RESPONSE TO NO. 11:**

5          Subject to and without waiving the General Objections, FACEBOOK responds to this

6   interrogatory as follows: None.

7   **INTERROGATORY NO. 12:**

8          Please provide an estimate of the value of the benefits conveyed through the settlement of

9   this litigation, describe the process by which you made this determination, and state all facts that

10  you believe are relevant to making such an estimate.

11  **RESPONSE TO NO. 12:**

12         FACEBOOK objects to this interrogatory on the grounds that it is vague and ambiguous.

13  FACEBOOK further objects to this interrogatory on the grounds that the term "benefits" is vague,

14  ambiguous, and unintelligible. FACEBOOK further objects to this interrogatory on the grounds

15  that responding to this interrogatory would require subjective judgment on the part of

16  FACEBOOK'S attorneys and a conclusion or opinion of counsel in violation of the attorney work

17  product doctrine. FACEBOOK further objects to this interrogatory on the grounds that it is

18  improperly directed to FACEBOOK—it is up to the Court to determine the value of the benefits

19  conveyed through the settlement of this litigation. FACEBOOK further objects to this

20  interrogatory as speculative. FACEBOOK further objects to this interrogatory on the grounds

21  that it calls for an inadmissible hypothetical opinion.

22

23  Dated: February 8, 2008                    COOLEY GODWARD KRONISH LLP
                                                MICHAEL G. RHODES (116127)
24                                              BENJAMIN F. CHAPMAN (234436)

25

26                                              Michael G. Rhodes (116127)
                                                Attorneys for Defendant
27                                              FACEBOOK, INC.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

571681 v1/SD                    14.              RESPONSE TO INTERROGATORIES
                                                          C 07-05378 JF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**VERIFICATION**

I, RAVI GROVER, declare:

I have read Defendant Facebook, Inc.'s Response to Plaintiff's First set of Interrogatories, and know the contents thereof. The matters stated therein are true to the best of my information and belief and on that ground I declare under penalty of perjury under the laws of the State of California that the same are true and correct.

Date: February 8, 2008                    _____
                                                           RAVI GROVER

571681 v1/SD                    15.                    VERIFICATION