UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No.  C 07-05378 PVT<br><br>**ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES PURSUANT TO STIPULATED ENTRY OF JUDGMENT OF DISMISSAL** |

**PROPOSED ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES**

This matter having come before this Honorable Court on Plaintiff Abrams Application for Attorneys' Fees Pursuant to Stipulated Entry of Judgment of Dismissal, the Court having reviewed the submissions and briefs of the Parties, the Court hereby finds as follows:

1. On January 23, 2008, this Court entered a Stipulated Entry of Judgment of Dismissal in this action. The Settlement provided for the payment of legal fees to be based not solely on the relief obtained for the plaintiff, but also on the benefits conveyed more generally through this settlement. The plaintiff now comes before this Court for the determination and award of such fees pursuant to the agreement between the Parties and Stipulated Entry of Judgment of Dismissal;

2. The Settlement of this action was reached following in person and telephonic negotiations between the parties' counsel.  This settlement provided that Plainitff Abrams released her individual claims in exchange for injunctive relief only, and this injunctive relief requires Facebook to identify each message it sends as having come from Facebook, requires in every 15th message instructions as to how recipients may "opt-out" of receiving such messages in the future, and further requires Facebook to implement improved notification procedures with wireless carriers sufficient to maintain accurate and updated telephone number deactivation and recycling logs;

3. The Parties further agreed that Facebook would be responsible for the payment of attorneys' fees to Abrams's counsel, and in the event the Parties could not agree on a fee amount, that this Court would decide the amount of the fee award;

4. As a further part of the settlement agreement, the Parties agreed:

> *that any such determination by the Court will be based not solely on the relief obtained for the plaintiff, but also on the benefits conveyed more generally*

1  *through this settlement. Facebook further agrees that plaintiff shall be entitled to reasonable, limited discovery on this issue, including information relating to (a) the number of text messages Facebook sends out on a daily basis, (b) the number of text messages sent to previously to recycled numbers, and (c) the steps Facebook did or did not previously take to ensure that text messages were not sent to people who did not want them.*

5. The Plaintiff has submitted, through her counsel, an Application for Attorneys' Fees wherein Plaintiff requests the Court award $5,033,000 in attorneys' fees;

6. In her Application, Plaintiff has presented the testimony of experts that demonstrate the benefits generally conveyed through the settlement as resulting in a range of savings to all recipients of Facebook Mobile text messages between from $25,967,094 to $57,234,736, but that Plaintiff has based her request on the experts' lowest computation of benefits, being $20,134,762;

**IN CONSIDERATION OF THESE FINDINGS, IT IS HEREBY ORDERED THAT:**

That an award of $5,033,000.00 accurately reflects the Parties' contractual intent as embodied in the settlement agreement and is consistent with "reasonable" percentages of such fees established in governing case law. Defendant is hereby ordered to pay to Plaintiff's counsel $5,033,000.00 within 30 days of the date of this Order. Pursuant to the terms of the Parties' settlement agreement, the Defendant may not appeal this Order.

The Court further orders that Plaintiff Abrams is entitled to a reasonable award for her services pursuant to the Settlement agreement in the amount of $_____.

Date:                                                    ENTERED:

                                                         _____
                                                         JUDGE J. FOGEL