COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

Of Counsel:
ROBERT R. VIETH (Virginia-24304) (rvieth@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:    (703) 456-8000
Facsimile:     (703) 456-8100

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No.  5:07-cv-05378 JF<br><br>**DEFENDANT FACEBOOK, INC.'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MICHAEL G. RHODES IN SUPPORT THEREOF; PROPOSED ORDER** |

Defendant Facebook, Inc. ("Facebook") hereby submits this *ex parte* application to the Court to continue the July 11, 2008 hearing on plaintiff's counsel's petition for an award of attorneys' fees pursuant to the parties' stipulated judgment ("Order") endorsed by the Court on January 23, 2008.

Pursuant to the Order, Plaintiff's counsel has applied to the Court for an award of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

EX PARTE APPLICATION TO TAKE DISCOVERY AND ENLARGE
HEARING DATE
C 07-05378 JF

attorneys' fees. While the parties otherwise agreed to resolve all issues presented in this case at the very outset of the matter (indeed, Facebook never responded to the complaint), the parties were not able to agree on an amount of attorneys' fees to which Plaintiff's counsel is entitled. Accordingly, the parties agreed (in paragraph 6 of the Order) to conduct an evidentiary hearing before the Court (on such terms as the Court dictates) to decide the amount of attorneys' fees and costs to which Plaintiff's counsel is entitled.

Between the time of the Order and the submission of the fee petition, Facebook (again pursuant to paragraph 6 of the Order) provided discovery to Plaintiff from which the fee application could be made.

Plaintiff filed her fee application requesting in excess of $5 million in attorneys' fees on May 8, 2008, setting a hearing on July 11, 2008.

On May 20, 2008, the parties met and conferred regarding Facebook's request to continue the hearing to enable it to conduct limited discovery into the bases of the fee application. Plaintiff's counsel's position is that Facebook is not entitled to any discovery related to her fee application (including the amount of hours and the prevailing billing rates of the applicable lawyers).

In this *ex parte* application, Facebook respectfully requests that the Court vacate the July 11, 2008 hearing date, order that Facebook be entitled to conduct limited discovery into the subject matters raised by the fee application, and reschedule an evidentiary hearing for September 19, 2008 to hear Plaintiff's fee application.

Given that Plaintiff is asking for an immense amount of fees (***in excess of $5 million***) in a case where Facebook immediately reacted to the complaint by working out a reasonable settlement in which minor changes to its website were made, Facebook should be given a full, fair and plenary opportunity to defend against this excessive fee request. Facebook acted in the utmost good faith by promptly settling this litigation without responding to the complaint or involving the Court. To face the extortionate amount of fees being requested by Plaintiff's counsel without any discovery or ability to challenge the bases for the amounts sought would deter corporate defendants like Facebook from promptly resolving cases without court

1  intervention (which is clearly the policy of the judicial system).

2  This ex parte application is based on this Application and the accompanying

3  Memorandum of Points and Authorities, Declaration of Michael G. Rhodes and Proposed Order.

May 28, 2008                                    Respectfully submitted,

FACEBOOK, INC.,
MICHAEL G. RHODES (116127)
ROBERT R. VIETH (Virginia-24304)
COOLEY GODWARD KRONISH LLP


___/s/ Michael G. Rhodes_____
Michael G. Rhodes (116127)

```
COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Of Counsel:
ROBERT R. VIETH (Virginia-24304) (rvieth@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:   (703) 456-8000
Facsimile:    (703) 456-8100


Attorneys for Defendant
FACEBOOK, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., a Delaware corporation,, <br><br> Defendant. | Case No.  5:07-cv-05378 JF <br><br> **DEFENDANT FACEBOOK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EX PARTE APPLICATION TO (A) CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR.** |

Defendant Facebook Inc. ("Facebook") respectfully submit the following memorandum of points and authorities in support of its *Ex Parte* Application to Continue Hearing on Plaintiff's Application for Attorney's Fees and For Leave to Conduct Discovery Therefor.

**A.    INTRODUCTION**

Plaintiff Lindsey Abrams ("Abrams" or "Plaintiff") filed suit against Facebook because,

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM IN SUPPORT OF MOTION TO TAKE DISCOVERY
AND ENLARGE HEARING DATE
C 07-05378 JF

allegedly, she received approximately 20 text messages that were directed to her mobile telephone by Facebook users. Abrams alleges that her telephone carrier, Verizon, assigned to her a "recycled" mobile telephone number previously associated with a subscriber to the Facebook Mobile service. Under the Facebook Mobile service, messages that are posted to the Facebook website and directed to a Facebook Mobile subscriber are converted into text (or "SMS") messages and transmitted to the subscriber's wireless device. The text messages received by Abrams were apparently intended for the present or former Facebook Mobile subscriber who previously had the same wireless telephone number that Verizon assigned to Abrams.

Abrams filed this action in October 2007. Upon reviewing the complaint, Facebook determined that, although the lawsuit had no merit, Facebook did not want to expend its own resources, or those of the court, litigating this matter. Thus, in the weeks following the filing of the complaint, counsel for the parties talked on the telephone and had one in-person meeting in an effort to find an amicable resolution of the action. As a result of these negotiations, Facebook agreed to non-monetary relief without ever filing an answer to the complaint. On December 17, 2007, the parties signed a Stipulated Entry of Judgment Of Dismissal With Prejudice And General Release (the "Order"). The Court (on January 23, 2008) subsequently entered the Order.

Pursuant to the terms of the Order, Facebook has implemented certain policies that: (i) make it easier for recipients of unwanted text messages to advise Facebook that they want to stop receiving such messages; (ii) ensure that all messages sent through Facebook Mobile bore the Facebook name; and (iii) ensure that there was clear guidance on how to prevent unwanted messages on Facebook's Terms of Use. Facebook also agreed to use commercially reasonable measures to notify mobile carriers of the problem of unwanted text messages and request that deactivation logs be provided to Facebook. The Order did not provide for any monetary compensation to Plaintiff or the putative class.

The only reason this case was not settled and dismissed in its entirety is because the parties could not agree on the amount of attorney's fees to be paid to Abrams' lawyers. Thus, under paragraph 6 of the Order, the parties further agreed that Plaintiff's counsel is entitled to a "reasonable award of attorneys' fees and expenses in an amount to be determined by the Court,"

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

MEMORANDUM IN SUPPORT OF MOTION TO TAKE
DISCOVERY AND ENLARGE HEARING DATE
C 07-05378 JF

and that the court would conduct an evidentiary hearing on Plaintiff's request for attorney's fees.

On May 8, 2008, Plaintiff filed her Fee Application requesting attorneys' fees of $5,033,000. This shocking number was not based on actual work performed by Plaintiff's counsel – in fact, the motion never once mentions the legal tasks performed or number of hours spent on the representation – but rather on a completely novel and misplaced theory purportedly analogous to the "common fund" approach sometimes used in large dollar class action settlements. In the Fee Application, Plaintiff seeks 25% of the asserted "benefit" that the Order allegedly bestowed on the class (which, of course, was never certified). To support the outlandish motion, Plaintiff attached two expert witness reports, which focused on quantifying this purported "benefit."

The present *ex parte* application is necessitated by Plaintiff's refusal to provide any discovery related to the number of hours spent by counsel working on their representation of Plaintiff, their billing rates, or any other subjects necessary to determine reasonable attorney fees. Furthermore, Plaintiff's counsel refused to allow Facebook to depose either of Plaintiff's two expert witnesses, whose findings figure prominently in Plaintiff's inflated computation of a "reasonable" fee.

### B. FACEBOOK IS ENTITLED TO OBTAIN DISCOVERY RELATED TO ATTORNEYS' FEES

Plaintiff asks this Court to award her attorneys over $5 million in legal fees without an iota of evidence related to the actual legal work performed by her attorneys. Perhaps afraid to disclose the disparity between the amount of effort put into the case and the amount counsel seeks, Plaintiff's counsel has refused to produce any discovery or to allow either of the expert witness to be deposed. Plaintiff's justification for refusing to provide any discovery from which a fair determination of attorney fees can be made by this Court is that: (i) such discovery is irrelevant because the "percentage-of-the-benefit" determination of the award does not require knowing actual attorneys' fees; and (ii) the Order only provides Plaintiff the right to take discovery, and thus, Facebook is prohibited from taking discovery from Plaintiff. Both arguments are meritless.

### 1. Plaintiff's Calculation Of The Fee Award Based On A Percentage Of The Benefit is Incorrect.

The Order provides for <u>non-monetary</u> relief. Plaintiff devotes the bulk of her brief calculating the supposed "benefit" that her attorneys brought to the "class" in terms of the savings to recipients of unwanted text messages who, as a result of the Order, will be able to more easily opt out of receiving such messages. After concluding that the "benefits" – or purported savings to the class – is nearly $20 million, Plaintiff states that she deserves 25% of that amount in attorneys' fees, or $5,033.000. Plaintiff apparently modeled this curious method of determining the fee award on the "common fund" approach. While this approach may make sense in certain class action cases in which large settlement amounts are paid or established for the benefit of a settlement class, it is wildly inappropriate in this case, where there is no "common fund," and indeed, no monetary relief, and no "class."

In this case, of course, there is no common fund from which to draw the award, and Plaintiff concedes as much. (Fee Application at 14, n.17). Thus, Plaintiff's analogy to this "percentage of the common fund" approach is nonsensical. The relief provided by the Order was non-monetary and reached at the very outset of the case at Facebook's urging, and, no matter how many expert witnesses Plaintiff retains to calculate the "benefit" to the class, there is no fund from which the fee award can be drawn. Unlike traditional "common fund" cases, Plaintiff here will not get a check in the mail, a stock certificate, a replacement cell phone, or any other quantifiable item of value as a result of the Order. Plaintiff's most clever attempts to monetize the benefit to the non-existent class, which in themselves are deeply flawed, can at most demonstrate a <u>savings</u> to the non-existent class, but not an actual <u>award</u>. And a court cannot – as a matter of law and logic – award fees as a percentage of a pool of <u>savings</u>. "[W]here plaintiffs' efforts have not effected the creation or preservation of an identifiable 'fund' of money out of which they seek to recover their attorneys fees, the 'common fund' exception is inapplicable." *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 39 (1st Dist. 2000) (upholding trial court's refusal to award class counsel a fee calculated purely as a percentage of the class recovery where no common fund was established) (citation omitted); *see also Boeing Co. v. Van Gemert*,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

MEMORANDUM IN SUPPORT OF MOTION TO TAKE
DISCOVERY AND ENLARGE HEARING DATE
C 07-05378 JF

444 U.S. 472, 479 (1980) (noting that the common fund approach is only applicable where "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf"); *see also Hanlon v. Chrysler*, 150 F.3d 1011, 1029 (9th Cir. 1998) (noting that in class actions where a "common fund" is not created, such as "injunctive relief class actions," "courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or any percentage thereof," and that "[t]he lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate").

Plaintiff's argument that the Order provided for this type of calculation of the fee award is simply untrue. To the contrary, nowhere in the Order does the word "percentage" appear, and Facebook never contemplated and did not agree to such a bizarre calculation. The only reasonable interpretation of the language of the Order is that the benefits obtained by the settlement can be a <u>factor</u> in determining the fee award under the applicable lodestar analysis. *See e.g., Hanlon*, 150 F.3d at 1029 (noting that under the lodestar method, "[t]he resulting figure may be adjusted upward or downward to account for several factors including the quality of the representation, <u>the benefit obtained for the class</u>, the complexity and novelty of the issues presented, and the risk of nonpayment.") (emphasis added). It was certainly never Facebook's intent to fashion a new method of calculating attorneys' fees for a non-"common fund" settlement by taking a percentage of a non-monetary award.

### 2. A Proper Calculation Of The Award Must Be Based On The Lodestar Analysis, Which Requires Discovery That Plaintiff Is Improperly Withholding

The proper method of awarding reasonable attorneys' fees in this case is the lodestar approach. "The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorney, must be a calculation of the attorney's services in terms of the time he has expended on the case." *Serrano v. Priest*, 20 Cal. 3d 25, 49 n.23 (1977) (internal citations omitted). Indeed, in every case cited by Plaintiff in support of her pure-percentage approach, the court had either approved the use of the lodestar method or cross-checked the amount of the award against lodestar calculations. None of the cases relied <u>solely</u> on

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

MEMORANDUM IN SUPPORT OF MOTION TO TAKE
DISCOVERY AND ENLARGE HEARING DATE
C 07-05378 JF

1  the percentage calculation.

2  Plaintiff's stonewalling on discovery into the lodestar components has no basis in the law
3  and is contrary to the Order, which explicitly instructs the Court to hold an "evidentiary hearing"
4  during which "Facebook shall be entitled to object or to otherwise contest the amounts to be
5  awarded plaintiff's counsel." (Order, ¶ 6). Moreover, California courts routinely order parties to
6  produce billing records in cases where the winning party demands an award based solely on a
7  percentage of the settlement. For example, in *In re Daou Systems, Inc., Secs. Litig.*, No. 98-CV-
8  1537-L(AJB), 2008 WL 1832428 (S.D. Cal. April 21, 2008), the court denied a motion for
9  attorneys' fees in a "percentage-of-the-common-fund" case and held that if the attorneys seeking
10 the award wished to renew its motion, it needed to submit detailed billing records:

> Lead Counsel provide no basis for the court to engage in the lodestar analysis, either as the basis for the award or as the check on the percentage-of-the-fund method. Counsel is requesting a $1 million attorneys' fee award without providing a single billing record. Based on the foregoing, the court is not in a position to determine whether the request is reasonable. It is the requesting counsel's burden to submit detailed time records justifying the attorneys' fees requested.

16 *Id*. at *1-2; *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) ("The most useful starting
17 point for determining the amount of a reasonable fee is the number of hours reasonably expended
18 on the litigation multiplied by a reasonable hourly rate. . . . The party seeking an award of fees
19 should submit evidence supporting the hours worked and rates claimed."); *see also Hanlon*, 150
20 F. 3d at 1029 (recognizing that "[t]he lodestar calculation begins with the multiplication of the
21 number of hours reasonably expended by a reasonable hourly rate," and that "[t]he hours
22 expended and the rate should be supported by adequate documentation and other evidence," such
23 as "records and time sheets documenting their work and time spent")

24 The fact that the Order only mentions that the Plaintiff can take discovery is of no import.
25 The Order does not prohibit Facebook from taking such discovery. It is perfectly reasonable that
26 the Order does not expressly mention Facebook taking discovery because in any normal
27 circumstance, Plaintiff's attorneys would have voluntarily disclosed their billing records with
28 Plaintiff's motion for attorneys' fees. Furthermore, the notion that Plaintiff can produce reports

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

MEMORANDUM IN SUPPORT OF MOTION TO TAKE
DISCOVERY AND ENLARGE HEARING DATE
C 07-05378 JF

of two expert witnesses and then deny Facebook the opportunity to depose them is manifestly unjust and violates Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure, which states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."

### C. IN ORDER TO COMPLETE DISCOVERY, THE DATE FOR AN EVIDENTIARY HEARING SHOULD BE CONTINUED.

The evidentiary hearing on the Fee Application is currently scheduled for July 11, 2008, allowing less than two months to complete discovery and the depositions of Plaintiff's expert witnesses. Given that the Federal Rules allow thirty days for parties to answer discovery requests and that depositions of expert witnesses are notoriously difficult to schedule, Facebook requests that the hearing date be extended to September 19, 2008, so that it has enough time to complete, analyze, and prepare evidence for the hearing.

### D. CONCLUSION.

For the above stated reasons, Facebook respectfully requests that this Court grant an Order allowing Facebook to take discovery of Plaintiff and continue the July 11, 2008 hearing on Plaintiff's Fee Application to a date that is convenient for the court and the parties.

May 28, 2008                                Respectfully submitted,

                                            FACEBOOK, INC.,
                                            MICHAEL G. RHODES (116127)
                                            ROBERT R. VIETH (Virginia-24304)
                                            COOLEY GODWARD KRONISH LLP


                                             /s/ Michael G. Rhodes
                                            Michael G. Rhodes (116127)

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

MEMORANDUM IN SUPPORT OF MOTION TO TAKE
DISCOVERY AND ENLARGE HEARING DATE
C 07-05378 JF

# CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed the foregoing DEFENDANT FACEBOOK, INC'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFORE; DEFENDANT FACEBOOK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EX PARTE APPLICATION TO (A) CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR; DECLARATION OF MICHAEL G. RHODES IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR; [PROPOSED] ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFORE with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Jay Edelson                                      email: jedelson@kamberedelson.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery on this 28th day of May, 2008 on the addressees listed below:

Jay Edelson, Esq.
Kamberedelson, LLC
53 West Jackson Blvd., suite 550
Chicago, IL  60604

Marcie Araujo
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
E-mail: maraujo@cooley.com

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

589656 v1/SD

1.

CERTIFICATE OF SERVICE