```
COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:      (858) 550-6420

Of Counsel:
ROBERT R. VIETH (Virginia-24304) (rvieth@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:     (703) 456-8000
Facsimile:      (703) 456-8100


Attorneys for Defendant
FACEBOOK, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,,<br><br>Defendant. | Case No.  5:07-cv-05378 JF<br><br>**DECLARATION OF MICHAEL G. RHODES IN SUPPORT OF DEFENDANT FACEBOOK INC.'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR.** |

I, Michael G. Rhodes, declare as follows:

    1.    I am a lawyer duly admitted to practice law before all of the state and federal courts within California and am a partner in the law firm of Cooley Godward Kronish LLP. I am lead counsel for defendant Facebook, Inc. ("Facebook") in this action and submit this declaration in support of Facebook's *ex parte* application to continue the July 11, 2008 hearing date on

1. Plaintiff's counsel fee petition and for leave to conduct limited discovery into the matters raised thereby. I have personal knowledge of the matters stated herein and could, if called as a witness, testify competently thereto.

2. I personally negotiated the settlement reflected in the stipulated judgment signed by the Court ("Order") on January 23, 2008. The settlement was the product of my outreach to Plaintiff's counsel when Facebook was sued in this action. The settlement was reached as a result of face-to-face meetings and telephone calls that I had with opposing counsel over the course of November and December 2007. Facebook never responded to the complaint.

3. The parties were not able to reach agreement as to the amount of attorneys' fees to which Plaintiff's counsel is entitled (and we agreed that they are entitled to a reasonable award). Once the Court entered the Order, Facebook then responded to interrogatories and document requests that plaintiff propounded in order to be able to prepare the fee petition. Pursuant to paragraph 6 of the Order, Plaintiff has now filed her fee petition, setting a hearing for July 11, 2008.

4. On May 20, 2008, my partner Robert Vieth and I held a telephonic meet and confer session with plaintiff's counsel (Jay Edelson and Myles McGuire). We asked Plaintiff's counsel whether they would oppose our request to continue the hearing in order to allow Facebook to conduct limited discovery into the bases of the fee petition. Specifically, given that we were shocked at the amount of fees (more than $5 million) sought in a case in which nothing had occurred beyond the filing of the complaint, settlement discussions and negotiations, and minimal discovery (consisting of one set of interrogatories and one set of document production requests and no discovery disputes) for Plaintiff's counsel to prepare their fee petition, we indicated that we would like to know (among other things) the amount of attorney time and the applicable billing rates logged by Plaintiff's counsel on the case, and whether we could take the depositions of the experts whose opinions support the fee petition. Plaintiff's counsel advised us that the express terms of the Order provide only one way discovery (from Facebook to Plaintiff) and that we were not entitled to know the amount of time and the rates for Plaintiff's lawyers, nor could we take the experts' depositions.

5. Accordingly, Facebook is making this *ex parte* application in order to allow it to receive a full, fair and plenary opportunity to challenge the exorbitant fee request made by Plaintiff's counsel. Paragraph 6 of the Order requires that the Court hold an evidentiary hearing (on such terms as established by the Court) on Plaintiff's counsel's fee petition and that Facebook is entitled to challenge and object to the petition both via written submissions and at the hearing. To be able to exercise that right to object, reasonable and limited discovery into the bases of the fee petition is warranted and, to accomplish that, a continuance of the July 11 hearing is necessary.

I declare under the laws of the United States of America that the foregoing is true and correct.

May 28, 2008         /s/ Michael G. Rhodes
                             Michael G. Rhodes

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DECLARATION OF MICHAEL G. RHODES
C 07-05378 JF