ALAN HIMMELFARB (S # 90480)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696
ahimmelfarb@kamberedelson.com

[Add'l Counsel On Signature Page]

Attorneys for Plaintiff
LINDSEY ABRAMS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 07-05378 PVT<br><br>**PLAINTIFF'S OPPOSITION TO FACEBOOK INC.'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR.** |
|---|---|

In its 11-page *Ex Parte* Application, Facebook expresses little more than thinly-veiled buyer's remorse. While Facebook uses pejoratives such as "shocking," "outlandish," and "inflated," and calls Plaintiff's legal arguments "meritless," based upon "completely novel and misplaced" theories that have been advanced "without an iota of evidence," Facebook cannot deny that the Settlement Agreement itself precludes the relief it now seeks. Relevant to these papers, it is undisputed that:

1. The Settlement Agreement was negotiated at arms-length by experienced counsel and was signed by Plaintiff and Facebook;

2. Defendant's counsel chose not to negotiate attorneys' fees with Plaintiff's counsel (and affirmatively rejected all efforts by Plaintiff to negotiate a resolution, including offers to provide information regarding Plaintiff's counsel's time in the case);

3. The Settlement Agreement expressly provided that only Plaintiff would be permitted discovery on issues related to attorneys' fees (i.e. value of the settlement);

4. The Settlement Agreement provided that the attorneys' fees shall be awarded by the Court based on the benefits conveyed by the settlement generally; and

5. At Facebook's counsel's suggestion, the Settlement Agreement provided that Defendant waived its right to appeal any fee award by the Court.

Simply put, the fact that Facebook now regrets agreeing to the fee provisions negotiated with Plaintiff is not a basis to rewrite the Settlement Agreement. "[A] poor outcome is not a principled reason to set aside a stipulation by counsel." *County of Sacramento v. Workers' Comp. Appeals Bd.*, 77 Cal. App. 4th 1114, 1121, 92 Cal .Rptr .2d 290, 294 (Cal. App. Ct. 2000).

While Facebook's request for leave is most assuredly colorful, Plaintiff suggests a brief review of the law and facts demonstrate that Facebook seeks to have this Court improperly rewrite the negotiated terms of the Settlement Agreement. In addition, Facebook's submission of their request *Ex Parte* is completely improper and in violation of Civil Local Rule 7-10.

**A.  The negotiated settlement contemplated that only Plaintiff would conduct discovery.**

As is already explained in detail in the Application for Attorney's Fees,[1] Facebook and

---

[1] Facebook devotes much of its argument to attacking Plaintiff's contention that her counsel

Abrams reached a settlement following an arms-length negotiation. Now Facebook wants this Court to re-write the agreement in terms that would be more favorable to the company. For the sake of convenience, the Stipulated Entry of Dismissal provides:

> Facebook agrees that plaintiff's counsel is entitled to a reasonable award of attorneys' fees and expenses in an amount to be determined by the parties, or failing such an agreement, by the Court. *Facebook agrees that any such determination by the Court will be based not solely on the relief obtained for the plaintiff, but also on the benefits conveyed more generally through this settlement. Facebook further agrees that plaintiff shall be entitled to reasonable, limited discovery on this issue, including information relating to (a) the number of text messages Facebook sends out on a daily basis, (b) the number of text messages sent to previously recycled numbers, and (c) the steps Facebook did or did not previously take to ensure that text messages were not sent to people who did not want them.*[2]

(Stip. Entry of J. ¶ 6) (emphasis added). Nowhere does the agreement provide that Facebook is allowed to take discovery,[3] and Facebook agreed to waive any right to appeal. Facebook's opposition is limited to "object[ing] to or otherwise contest[ing] the amounts to be awarded plaintiff's counsel via written submissions and briefs and orally at the hearing on such application." (Stip. Entry of J. ¶ 6).

And, Facebook apparently understands the plain language of the settlement agreement. By first asking the Court for permission—as opposed to simply propounding interrogatories,

---

should receive fees based on a percentage of the benefits conveyed by the settlement, a response to which is best left to a Reply brief to Facebook's anticipated response to the Application for Fees. At this point it suffices to say that Facebook's contention that potential savings to recipients of unwanted Facebook Mobile text messages do not qualify as "benefits" is, at the very least, inconsistent with the authority permitting the monetization of injunctive relief, and, as will be further demonstrated on reply, is an improper attempt to rewrite the contract.

[2] Facebook's claim that it is somehow shocked by the fee calculation is confusing considering the discovery both parties agreed would be relevant to the fee award determination. The total number of text messages sent daily and to previously recycled numbers, as well as the steps Facebook took to correct the problem before the lawsuit, are all central to a calculation of the total benefits to recipients of Facebook Mobile text messages created by the settlement.

[3] In case of ambiguity, the canon of contractual construction *expressio unius est exclusio alterius*, i.e., the expression of one matter implies the exclusion of all others, instructs that the inclusion of Abrams's right to take discovery excludes Facebook from exercising any similar right. *Steven v. Fidelity & Cas. Co. of New York*, 58 Cal.2d 862, 871 (1962).

requests for production, or subpoenas for depositions—Facebook has in effect acknowledged that the settlement agreement does not allow it to conduct discovery. Facebook's very filing of an application for leave serves as further proof that the negotiated settlement allowed only Abrams to conduct discovery relevant to fees.

Defendant argues that the Order is silent with respect to Facebook's ability to conduct discovery because "in any normal circumstance," Plaintiff's attorneys would have voluntarily disclosed their bills. (*Ex Parte* App., 6). First, this situation is not abnormal, as parties are free to negotiate attorney fee provisions. *See Staton v. Boeing Co.*, 327 F.3d 938, 972 n. 22 (9th Cir. 2003). Here the parties negotiated an agreement whereby the fee determination would be explicitly based on the benefits conveyed generally by the injunctive relief as opposed to the time the attorneys spent litigating the case. There is simply no legal basis for failing to honor the benefit of the bargain for which Plaintiff contracted.

Furthermore, it is plainly obvious that Defendant could have easily refused to enter into the settlement agreement unless Abrams agreed to disclose her attorneys' billing records. Surely Facebook's legal team could have negotiated to include language so that the fee award would also be based on the quality of the representation, the complexity or novelty of the issues, the risk of non-payment, or any number of other lodestar factors. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). It simply failed to do so. Buyer's remorse alone is not a sufficient basis for asking this Court to add language to the settlement. Again, "a poor outcome is not a principled reason to set aside a stipulation by counsel." *County of Sacramento*, 77 Cal. App. 4th at 1121, 92 Cal .Rptr .2d at 294. Thus, Abrams respectfully asks this Court to enforce the language of the agreement as written so as to ensure she receives the benefit of her bargain.[4]

---

[4] In any event, and without in any way waiving their argument that the settlement agreement renders their billings irrelevant, Plaintiff's counsel would be happy to provide the Court with its invoices prior to the scheduled hearing.

**B.   Plaintiff should not be penalized for resolving the matter without protracted litigation.**

Facebook repeatedly attacks Abrams for seeking a fee based on the general benefits conveyed in a case where it "agreed to non-monetary relief without ever filing an answer to the complaint."[5] (*Ex Parte* App., 2).  This argument actually undermines Facebook's position, as even common-fund[6] cases recognize that "counsel should be rewarded, not punished, for helping to achieve" prompt and reasonable settlements, "without exacerbating the disincentive to settle promptly inherent in the lodestar methodology." *Lealo v. Beneficial California, Inc.*, 82 Cal.App.4th 19, 53 (1st Dist. 2001).

**C.   Facebook's *ex parte* communication violates the Civil Local Rules and should be stricken accordingly.**

Facebook purports to seek *ex parte* relief without first complying with the Civil Local Rules that allow the filing of *ex parte* motions:

> only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. **The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.**

*See* Local Rule 7-10.  Nowhere does Facebook cite a statue, rule or order allowing for *ex parte*

---

[5] The suggestion that Plaintiff's counsel did little work prior to settlement is demonstrably false. As explained in the attached declaration of Jay Edelson, Plaintiff's counsel spent significant time researching the facts and developing the legal theories of the case, and even prepared a draft motion for preliminary injunction which was shared with Facebook's counsel prior to settlement. (*See* Decl. of J. Edelson, ¶ 3).

[6] As explained in the Application for Fees, this matter should not be confused with a class action common fund—because there is only injunctive relief, counsel's interests are not antagonistic to those of the class members (no increase in the fee amount will result in a corresponding reduction of relief to the class). *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994) (in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage).  Rather, the parties here agreed to apply understood legal principles—including those from class action cases, (catalyst and common fund theory, substantial benefit doctrine) and personal injury matters— so as to help them, and if necessary this Court, calculate a reasonable fee award.  This calculation is wholly independent of the relief afforded to recipients of unwanted Facebook Mobile text messages.

application. Having provided no basis for the application's *ex parte* nature, nor the truncated response time accompanying such an application, the application should be stricken altogether.

To the extent the instant motion is akin to a motion to compel, Local Rule 37-2, requires that the motion "must set forth each request in full, followed immediately by the objections and/or responses thereto." Having never propounded written discovery nor served any subpoenas, it is patently unclear just what discovery to which Facebook considers itself entitled or would seek to obtain should Defendant succeed in its quest to have this Court rescue it from its negotiated settlement agreement.

Finally, the discussion between counsel could not be viewed to be a "meet and confer" under any definition. In fact, Facebook's counsel refrained from making any specific inquiry, and instead merely asked Plaintiff's counsel to forward billing records and to provide dates when experts would be available for their depositions. (*See* Decl. of J. Edelson, ¶ 8). In an effort to accommodate Defendant, plaintiff's counsel reiterated its oft-stated position that it is open to negotiate the resolution of the fee issue, but these efforts were again ignored by Facebook. (*See* Decl. of J. Edelson ¶ 9).

WHEREFORE, Plaintiff Abrams respectfully requests this Honorable Court deny Facebook Inc,'s *Ex Parte* Application for Leave to Conduct Discovery and to Continue Hearing Date, to uphold the Parties' arms-length negotiated settlement agreement that calls for reasonable fees to be based on the benefits conveyed generally by the agreement, and to award such additional relief as this Court deems necessary and just.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KAMBEREDELSON, LLC |
|   |   |
|   | /s/Alan Himmelfarb |
|   | Attorneys for Lindsey Abrams |

Alan Himmelfarb (S # 90480)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Myles McGuire
Steven Lezell
KAMBEREDELSON, LLC
53 West Jackson Bvld., Suite 550
Chicago, Illinois 60604
(312) 589-6370

Scott A. Kamber
KAMBEREDELSON, LLC
11 Broadway, 22nd floor
New York, NY 10004
(212) 920-3072