ALAN HIMMELFARB (S # 90480)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696
ahimmelfarb@kamberedelson.com

JAY EDELSON (*pro hac vice* pending)
MYLES MCGUIRE (*pro hac vice* pending)
KAMBEREDELSON, LLC
53 West Jackson Boulevard
Suite 550
Chicago, Illinois 60604
Telephone: (312) 589-6370
jedelson@kamberedelson.com
mmcguire@kamberedelson.com

[Add'l Counsel On Signature Page]

Attorneys for Plaintiff
LINDSEY ABRAMS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 07-05378 PVT<br><br>DECLARATION OF JAY EDELSON IN SUPPORT OF OPPOSITION TO FACEBOOK'S APPLICATION FOR LEAVE TO CONDUCT DISCOVERY |

I, Jay Edelson, declare as follows:

    1.    I am a managing member of KamberEdelson, LLC and one of the attorneys for the plaintiff in this action. I have personal knowledge of all matters stated herein.

    2.    I have reviewed the declaration of Michael Rhodes dated May 28, 2008 and do not believe it fairly characterizes the facts.

3. As one example, Mr. Rhodes suggests that this case settled because of his efforts alone and after only minimal work was done by plaintiff's counsel. Neither is correct. Myles McGuire, a partner at my firm, and I spent considerable time investigating the facts of this case, working with an expert witness, and (along with other attorneys at our firm) preparing a motion for preliminary injunction which we shared with Facebook prior to discussing settlement.

4. Our settlement meetings were both substantive and contentious and consisted of our essentially proving our case to Facebook's outside and in-house attorneys.

5. Mr. Rhodes is also incorrect when he says that the "parties were not able to reach agreement as to the amount of attorneys' fees." In fact, Facebook refused to discuss fees at any point, stating that the only agreement it would consider was leaving the decision to the court. We acquiesced.

6. Mr. Rhodes was very active in drafting the settlement agreement, which makes clear that the fees are to be based on the value of the settlement to the public in general and not on a lodestar basis. He, himself, included language forgoing Facebook's right to appeal the court's decision and carefully negotiated the language entitling plaintiff – and only plaintiff – to discovery on the issue of fees.

7. Facebook never served discovery on plaintiff nor did it even suggest it was interested in doing so until May 20, 2008. This is so even though Facebook knew (from plaintiff's draft motion for a preliminary injunction) prior to the settlement being reached the identity of at least one of plaintiff's expert witnesses.

8. On May 20, 2008, soon after receiving plaintiff's fee petition, Facebook's attorneys explained that they were calling to inquire as to what our position would be with respect to discovery. Facebook refrained from making any specific inquiry, and instead merely asked

Plaintiff's counsel whether we would be willing to forward billing records and make our experts available for depositions.

9. I explained that the scope of discovery was covered in the settlement agreement and that we had no interest in renegotiating that document. I reiterated plaintiff's oft-stated position that we were open to negotiate the resolution of the fee issue, which Facebook has ignored.

10. Mr. Rhodes says that we refused to tell him our rates or the number of hours we have in this case. That again is not so. As I explained to Mr. Rhodes in a subsequent phone call, we would be inclined to produce such information on an informal basis, if it would – at the least – put Facebook in a position to negotiate fees. Facebook never responded to my offer and, as has been a consistent pattern in this litigation, has not responded to further phone calls I have made regarding this issue.

I declare under the laws of the United States of America that the foregoing is true and correct.

/s/ Jay Edelson
Jay Edelson

Jay Edelson
KAMBEREDELSON, LLC
53 West Jackson Blvd., Suite 550
Chicago, Illinois 60604
(312) 589-6370