COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Of Counsel:
ROBERT R. VIETH (Virginia-24304) (rvieth@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:   (703) 456-8000
Facsimile:    (703) 456-8100

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., a Delaware corporation,, <br><br> Defendant. | Case No.  5:07-cv-05378 JF <br><br> **DEFENDANT FACEBOOK, INC.'S REPLY TO PLAINTIFF ABRAMS'S OPPOSITION TO FACEBOOK INC.'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR.** |

Plaintiff Lindsey Abrams's ("Abrams" or "Plaintiff") conclusion that the Stipulated Entry of Judgment Of Dismissal With Prejudice And General Release ("Order") grants Abrams an uncontested award of enormous legal fees without ever having to conduct a Lodestar analysis is senseless and belies the express text of the Order.   Abrams's counsel's vehement refusal to produce their billing records only underscores the vast disconnect between the arbitrary $5

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

22307 v1/BN

REPLY TO OPPOSITION TO EX PARTE APPLICATION
C 07-05378 JF

million it seeks and the actual costs and fees incurred as part of the representation.

The arguments Abrams puts forth in opposition to Facebook's motion are meritless. For instance:

- Abrams's contention that Facebook is trying to "rewrite" the Order borders on the absurd. <u>The word "percentage" does not appear anywhere in the Order</u>, nor was a percentage calculation ever contemplated during settlement discussions. Abrams's method of calculating the award is entirely novel and results from a strained and nonsensical reading of the Order. The plain words of the Order provide that the amount of the fee award – which the parties agreed will be determined by the Court – will be based not <u>solely</u> on the relief obtained for the plaintiff, but also on the benefits conveyed more generally through the settlement. Therefore, the Order intends for the Court to apply a traditional fee award analysis and <u>allows</u> the Court to also consider in that process the benefits of the settlement to the individual plaintiff and the purported class.

- Abrams's suggestion that she is the only party permitted to take discovery is ludicrous and would lead to manifestly unjust results. The Order expressly grants to Facebook the right to challenge the fee award both at an evidentiary hearing and in written submissions. Without the ability to review Abrams's counsel's billing records and conduct a deposition of the experts whose opinions have been proffered, Facebook's right to challenge the arbitrary and immense figure of $5 million would be rendered a nullity. Nowhere does the Order state that <u>only</u> Abrams can take discovery and an attempt to read such a limitation into the Order is a disingenuous effort to rewrite its terms.

- By filing this motion, Facebook has in no way "acknowledged" that the Order only allows discovery by Abrams. Indeed, Facebook's counsel has repeatedly requested discovery from Abrams's counsel, but Abrams's counsel has made it abundantly clear that it will not provide any such discovery. As post-judgment discovery is not allowed as a matter of right, Facebook had no choice but to

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

22307 v1/BN

2.

REPLY TO OPPOSITION TO EX PARTE
APPLICATION
C 07-05378 JF

      petition this Court by filing the subject application.

- In the subject application, Facebook seeks merely a fair opportunity to confront the evidence presented by Abrams to justify the enormous attorneys' fee award. While Abrams's counsel flatly rejected as irrelevant all requests for such evidence, Abrams's counsel have now apparently reversed course and say they will provide the Court (but apparently not Facebook) with their invoices. Of course, Facebook expects to see more than mere invoices; rather, Facebook seeks all billing records relevant to these proceedings, as well as the opportunity to depose Abrams's expert witnesses.

In addition, Facebook's *ex parte* application was proper because this Court has the intrinsic authority to control its docket and because there was no assurance of being able to timely notice the motion if Facebook proceeded under traditional motion practice. In the event this Court deems that Facebook's application is more properly styled as a motion to compel, Facebook respectfully submits that the Court should grant the motion and compel Abrams to respond to Facebook's discovery requests and interrogatories to Abrams, which are attached hereto as Exhibits 1 and 2 to the declaration of Michael G. Rhodes.

Accordingly, Facebook respectfully requests the Court to grant limited post-judgment discovery into the matters raised by the fee application (including production of the salient billing records and depositions of the experts supporting the application), and rescheduling of the July 11th hearing to enable Facebook (and the Court) to have a more plenary debate on the merits of the $5 million fee.

June 9, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
ROBERT R. VIETH (Virginia-24304

By:_/s/_Michael Rhodes_____
    MICHAEL G. RHODES

Attorneys for Defendant FACEBOOK, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I electronically filed the foregoing **DEFENDANT FACEBOOK, INC.'S REPLY TO PLAINTIFF ABRAMS'S OPPOSITION TO FACEBOOK INC.'S EX PARTE APPLICATION (A) TO CONTINUE HEARING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND (B) FOR LEAVE TO CONDUCT DISCOVERY THEREFOR** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Jay Edelson                                                              email: jedelson@kamberedelson.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery on this 9th day of June, 2008 on the addressees listed below:

Jay Edelson, Esq.
Kamberedelson, LLC
53 West Jackson Blvd., suite 550
Chicago, IL 60604

_/s/ Marcie Araujo_
Marcie Araujo
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
E-mail: maraujo@cooley.com

589656 v1/SD

1.

CERTIFICATE OF SERVICE