```
COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

Of Counsel:
ROBERT R. VIETH (Virginia-24304) (rvieth@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:    (703) 456-8000
Facsimile:     (703) 456-8100

Attorneys for Defendant
FACEBOOK, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., a Delaware corporation,, <br><br> Defendant. | Case No.  5:07-cv-05378 JF <br><br> **DECLARATION OF MICHAEL G. RHODES SUBMITTED IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S EX PARTE APPLICATION** |

I, Michael G. Rhodes, declare:

1.  I am a partner in the law firm of Cooley Godward Kronish LLP and am lead counsel for defendant Facebook, Inc. ("Facebook") in this case. I make this declaration of my own personal knowledge and, if called as a witness, would and could testify competently thereto. I submit this declaration in support of Facebook's *ex parte* application to reset the hearing date on plaintiff's counsel's application for attorneys' fees in order to allow Facebook to conduct limited

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

22309 v1/BN

MICHAEL G. RHODES DECLARATION
C 07-05378 JF

1   discovery into the enormous fee award sought herein.

2       2.    Much of the plaintiff's opposition seeks to characterize the parties' stipulated judgment which the Court entered on January 23, 2008. Such efforts are misguided and unavailing. Reprising the negotiating history of the stipulated judgment is not germane to the current issue. Rather, the Court need only look to the express text of paragraph 6 of the Order, which reads in material part as follows:

> The parties agree that plaintiff's counsel is entitled to a <u>reasonable</u> award of attorneys' fees and expenses in an amount determined by the Court. Facebook agrees that any such determination by the Court will be based not <u>solely</u> on the relief obtained for the plaintiff, but also on the benefits conveyed more generally through the settlement.
> (Emphasis added.)

    3.    This language makes clear that the Court is to determine a "reasonable" fee award. This language makes clear that the fee will not "be based [] solely" on the benefits of the settlement. In short, the Court must apply a traditional fee award analysis and may (as the parties stipulated) in that process consider the benefits of the settlement to the individual plaintiff and the purported group that she sought to represent as class representative.

    4.    In deference to the policy of the courts to encourage fast, efficient and efficacious resolution of cases through settlement, and in order to avoid the burden and expense of litigating a case which raised a minor issue that was subject to a host of legal challenges and defenses, I negotiated the settlement with opposing counsel at the very outset of the case and without Facebook ever even responding to the complaint.

    5.    In the subject application, Facebook seeks merely a fair opportunity to confront the evidence presented by plaintiff to justify an enormous attorneys' fee award – a request that I made directly with plaintiff's counsel in our meet and confer and which they flatly rejected. Ironically, in footnote 4 of the opposition (at page 4 of the brief), plaintiff's have now reversed course and say they will provide the Court (but apparently not Facebook) with their billing records from which a proper Lodestar analysis can be performed.

    6.    At bottom, the Order (in paragraph 6) grants expressly to Facebook the right to challenge – both at an evidentiary hearing (to be established on such terms as the Court deems

1  appropriate) and in written submissions.  Without the ability to review the plaintiff's counsel's
2  billing records and conduct a deposition of the experts whose opinions have been proffered,
3  Facebook's right to challenge the arbitrary and immense fee of $5 million would be rendered a
4  nullity.  Accordingly, we respectfully request the Court to grant limited post-judgment discovery
5  into the matters raised by the fee application (including production of the salient billing records
6  and depositions of the experts supporting the application), and rescheduling of the July 11th
7  hearing to enable Facebook (and the Court) to have a more plenary debates the merits of a $5
8  million fee against the backdrop that Facebook (through me) reached out to negotiate a settlement
9  at the outset of a case, thereby sparing both plaintiff and her counsel from having to litigate the
10 case.

11     7.    Exhibits 1 and 2 are true and correct copies of Facebook's Discovery Requests and
12 Interrogatories served on counsel for Abrams via e-mail today.

13     I declare under the laws of the United States of America that the foregoing is true and
14 correct.

15 Dated: June 9, 2008
16                                  By:___/s/__Michael Rhodes_____
                                     Michael G. Rhodes

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I electronically filed the foregoing **DECLARATION OF MICHAEL G. RHODES SUBMITTED IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S EX PARTE APPLICATION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Jay Edelson                                email: jedelson@kamberedelson.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery on this 9th day of June, 2008 on the addressees listed below:

Jay Edelson, Esq.
Kamberedelson, LLC
53 West Jackson Blvd., suite 550
Chicago, IL  60604

_____
Marcie Araujo
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
E-mail:  maraujo@cooley.com

589656 v1/SD

1.

CERTIFICATE OF SERVICE

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO