# EXHIBIT 1

```
COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

Of Counsel:
ROBERT R. VIETH (Virginia-24304) (rvieth@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:    (703) 456-8000
Facsimile:     (703) 456-8100


Attorneys for Defendant
FACEBOOK, INC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY ABRAMS, individually and on behalf of a class of similarly situated individuals,, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., a Delaware corporation,, <br><br> Defendant. | Case No.  5:07-cv-05378 JF <br><br> **DEFENDANT FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LINDSEY ABRAMS** |

**PROPOUNDING PARTY:**    FACEBOOK, INC.

**RESPONDING PARTY:**    LINDSEY ABRAMS

**SET NUMBER:**    ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Facebook, Inc. ("FACEBOOK") hereby demands that all documents and tangible things described below be produced by Plaintiff Lindsey Abrams within thirty (30) days of service hereof in accordance

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

21160 v1/BN

REQUESTS FOR PRODUCTION
C 07-05378 JF

with the Definitions and Instructions set forth below.

I. **DEFINITIONS.**

Words in CAPITALS are defined as follows:

1. DOCUMENT and DOCUMENTS means documents and electronically stored information, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, Sales literature, brochures, manuals, price lists, announcements, electronic mail messages, or any other writings, records, data or data compilations stored in any medium from which information can be obtained.

2. YOU or YOUR mean Plaintiff Lindsey Abrams.

3. FACEBOOK MATTER means the above-captioned proceeding.

4. COMPLAINT means the Class Action Complaint filed in the FACEBOOK MATTER on October 22, 2007.

5. KAMBEREDELSON ATTORNEY means any partner, associate, counsel or other attorney affiliated with the law firm KamberEdelson, LLC that performed any work whatsoever in connection with the FACEBOOK MATTER, including any investigation, research, or any other work performed in preparation of filing the COMPLAINT.

6. KAMBEREDELSON STAFF means any employee, independent contractor, or other staff member affiliated with the law firm KamberEdelson, LLC that performed any work whatsoever in connection with the FACEBOOK MATTER, including any investigation, research, or any other work performed in preparation of filing the COMPLAINT.

7. The term "in connection with" as used herein means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting,

discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or part), as the context makes appropriate.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The word "each" as used herein includes the word "every," and the word "every" herein includes the word "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The word "any" as used herein includes the word "all," and the word "all" herein includes the word "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The word "all" as used herein includes the word "each," and the word "each" herein includes the word "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II. INSTRUCTIONS

1. The original and each non-identical copy of each DOCUMENT or other tangible thing demanded herein that is in YOUR possession, custody or control, or that of any of YOUR agents, attorneys, accountants, employees, or representatives, is to be produced. In lieu of originals, YOU may produce a full, clear, legible copy thereof.

2. Each demand shall be answered separately by a statement of compliance, a representation of inability to comply, or an objection to the demand either in its entirety or in some particular respect. A statement of compliance with a particular demand shall state that the production will be allowed either in whole or in part, and that all DOCUMENTS and things in a demanded category that are in YOUR possession, custody or control or that of any of YOUR agents, attorneys, accountants, employees, or representatives and to which no objection is being made will be included in the production.

3.  Each DOCUMENT and/or thing produced in response hereto shall either be produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers or things may be organized or separated, or shall be organized and labeled to correspond with the categories of the demand in response to which it is being produced.

4.  If YOU find the meaning of any term in these requests for production to be unclear, YOU should assume a reasonable meaning, state what that assumed meaning is and respond to the request for production on the basis of that assumed meaning.

5.  A representation of inability to comply with a particular demand shall affirm that a diligent search and a reasonable inquiry have been made. The statement shall also specify whether the inability to comply is because the item has never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or no longer is, in YOUR possession, custody, or control or that of any of YOUR agents, attorneys, accountants, employees, or representatives. If the item is not in YOUR possession, custody or control or that of any of YOUR agents, attorneys, accountants, employees, or representatives, the statement shall specify the name and address of any natural person or organization believed to have such possession, custody or control.

6.  With respect to any claim of privilege by YOU regarding any DOCUMENT sought by any of FACEBOOK's requests for production, YOU are hereby requested to identify each such DOCUMENT withheld on grounds of an alleged privilege, and specifically set forth the following:

    a.  the nature and basis of the privilege claimed;

    b.  the author(s);

    c.  the addressee(s), including the recipients of copies;

    d.  the date of the DOCUMENT;

    e.  the subject matter of the DOCUMENT;

    f.  if the privilege claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorneys; and

g.  any other information necessary to support the claim of privilege.

6. The demand for production of DOCUMENTS and things embodied herein shall be deemed continuous up to and following the date of YOUR production such that any DOCUMENT or thing demanded herein which is either discovered by YOU or comes within YOUR possession, custody or control subsequent to YOUR initial production but prior to the final conclusion of this case should be produced immediately upon its discovery or receipt.

### III. REQUESTS FOR PRODUCTION.

1. All DOCUMENTS sufficient to identify the name and title of each KAMBEREDELSON ATTORNEY and KAMBEREDELSON STAFF.

2. All DOCUMENTS sufficient to identify the number of hours each KAMBEREDELSON ATTORNEY and KAMBEREDELSON STAFF spent performing any work in connection with the FACEBOOK MATTER, including any investigation, research, or any other work performed in preparation of filing the COMPLAINT.

3. All DOCUMENTS sufficient to identify the description of all tasks performed by each KAMBEREDELSON ATTORNEY and KAMBEREDELSON STAFF in connection with the FACEBOOK MATTER, including any investigation, research, or any other work performed in preparation of filing the COMPLAINT.

4. All DOCUMENTS sufficient to identify standard billing rates for each KAMBEREDELSON ATTORNEY and KAMBEREDELSON STAFF.

5. All DOCUMENTS sufficient to identify all fees, expenses, and costs paid or incurred by Plaintiff Abrams or the law firm Kamber Edelson, LLC in connection with any expert witness retained by Plaintiff Abrams or the law firm KamberEdelson, LLC in connection with the FACEBOOK MATTER, including fees, expenses, and costs related to the retainer of such expert witness, the preparation of expert witness reports, and any investigation, research, or any other work performed by the expert witness, including work performed in preparation of filing the COMPLAINT.

6. All DOCUMENTS sufficient to identify all other fees, expenses, and costs paid or incurred by Plaintiff Abrams or the law firm KamberEdelson, LLC in connection with the

FACEBOOK MATTER, including any investigation, research, or any other work performed in preparation of filing the COMPLAINT.

7. All DOCUMENTS sufficient to identify the total amount of fees, expenses, and costs invoiced by the law firm KamberEdelson, LLC to Plaintiff Abrams in connection with the FACEBOOK MATTER.

8. All DOCUMENTS concerning any complaints or communications made by Plaintiff Abrams to FACEBOOK concerning any of the allegations in the COMPLAINT prior to October 22, 2007.

9. All DOCUMENTS sufficient to identify the phone number associated with Plaintiff Abrams's wireless phone that allegedly received the text messages that are the subject of the COMPLAINT.

Dated: June 9, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
ROBERT R. VIETH (Virginia-24304

By: _____
MICHAEL G. RHODES

Attorneys for Defendant
FACEBOOK, INC.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

21160 v1/BN

6.

REQUESTS FOR PRODUCTION
C 07-05378 JF

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 4401 Eastgate Mall, San Diego, California 92121. My e-mail address is maraujo@cooley.com. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANT FACEBOOK, INC.'S FIRST SET OF REQUEST FOR PRODUCTION TO PLAINTIFF LINDSEY ABRAMS**

☒ (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☐ (BY MESSENGER SERVICE – CCP § 1011) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ (BY ELECTRONIC MAIL – CCP § 1010.6(a)(6)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the following part(ies) in this action:

569246 v2/SD

1.

PROOF OF SERVICE

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

Jay Edelson, Esq.
Kamberedelson, LLC
53 West Jackson Blvd., suite 550
Chicago, IL 60604
Attorneys for Plaintiff LINDSEY ABRAMS

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 9, 2008, at San Diego, California.

*Marcie Araujo*
Marcie Araujo